# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION – BAY CITY

IN RE:

      MAGDALENA PEREZ,

          Debtor.

Case No. 24-21078-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

_____/

DAVID STOCKMAN,
      Plaintiff,

v.

Adv. Proc. No. 25-02024-dob

WILDFIRE CREDIT UNION,
BEN DENAY, in his individual capacity and as CEO of Wildfire Credit Union,
KEN VOELKER, in his individual capacity and as Chairperson of Board of Directors of Wildfire Credit Union,
KARL WENZLOFF, individually and as attorney at Wenzloff & Fireman, P.C.,
WENZLOFF & FIREMAN, P.C.,
STEVEN GAUS, individually and as attorney at Garske Hewitt Rodenbo PLC,
GARSKE, HEWITT, RODENBO, PLC,
MATT FRANKLIN, reporter for ABC12/WJRT,
RYAN JELTEMA, reporter for ABC12/WJRT,
SEAN MAHON, News Director of ABC12/WJRT,
BROCK RICE, Vice President and General Manager of ABC12/WJRT,
ALLEN MEDIA GROUP, corporate parent of ABC12/WJRT,
COLE WATERMAN, reporter for MLive Media Group,
JOHN HINER, President of MLive Media Group,
KELLY FRICK, Vice President of Content for MLive Media Group,
ADVANCE LOCAL MEDIA, LLC, corporate parent of MLive Media Group,
PATSY NEWITT, reporter for Becker's ASC Review,
SCOTT BECKER, founder and publisher of Becker's ASC Review,
ASC COMMUNICATIONS, INC., owner of Becker's Hospital Review,
      Defendants.

_____/

<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND
JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) AND BANKRUPTCY RULE 9023</u>

On February 23, 2026, the Court entered an Order Granting Motion to Dismiss Plaintiff's Complaint. This Adversary Proceeding was closed the same day. The Court entered the Order granting the Motion to Dismiss filed by Karl Wenzloff, after review of the Motion to Dismiss, determining that good cause existed to grant the Motion, and in the absence of a response filed to the Motion. Plaintiff David Stockman files the instant Motion asking this Court to vacate the Order Granting the Motion to Dismiss and/or limit dismissal to Defendant Karl Wenzloff only, reopen this Adversary Proceeding, and allow him to file a response to the Motion to Dismiss. Subsequently, Plaintiff has filed a supplement to his Motion. The Court has reviewed all of Plaintiff's recent filings.

Plaintiff brings this motion pursuant Federal Rule of Bankruptcy Procedure 9023 which incorporates Federal Rule of Civil Procedure 59 into bankruptcy practice. Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. A Rule 59(e) motion may be granted: (1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). The granting of a motion brought pursuant to Rule 59(e) "is an extraordinary remedy and should be used sparingly" because Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.),* 388 B.R. 795, 800-01 (B.A.P. 6th Cir. 2008).

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). "Rule 59(e) motions are aimed at *re*consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *F.D.I.C. v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir. 1992) (internal citations omitted). *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

Plaintiff's argument in the instant Motion is that he was procedurally confused by the multiple motions to dismiss pending in this Adversary Proceeding and believed his response to one motion "would address overlapping issues collectively." Along these same lines, Plaintiff states he was confused regarding Karl Wenzloff's participation in this Adversary Proceeding, but admits he did receive notice of Karl Wenzloff's Motion to Dismiss. Plaintiff also cites "extraordinary personal circumstances" prohibiting him from monitoring the deadlines in this case. Plaintiff disputes that service was proper, denying receiving a copy of the Motion through mail, while admitting he did receive notice of the Motion by email. Finally, Plaintiff argues that dismissal of other defendants was improper, and that dismissal with prejudice was improper.

The Court finds no clear error of law, nor is there newly discovered evidence or an intervening change in the controlling law in this case. Thus, under Rule 59(e), the Court analyzes Plaintiff's instant Motion under the third basis—the need to prevent manifest injustice. While Plaintiff represents himself, the Court notes that he has sufficient experience with procedure and deadlines. He commenced this Adversary Proceeding, and has filed numerous pleadings in this Court, including the commencement of bankruptcies on behalf of himself and various entities and various contested matters. Based upon his history with this Court over the past year, the

Court finds Plaintiff to have sufficient competence and intelligence to organize himself in such a manner to properly calendar and timely respond to deadlines. As to any "extraordinary personal circumstances" Plaintiff may have been experiencing during the response period to the Motion to Dismiss, the Court finds that Plaintiff admitted he had notice of the Motion, yet he failed to do one or a combination of the following: verify a response was required; and/or calendar the deadline for a response; and/or file a request for an extension of the deadline. With these options available to Plaintiff, the Court finds there is no "manifest injustice" as to this argument.

On the issue of proper service, the Certificate of Service filed by Defendant Karl Wenzloff on January 19, 2026 with the Motion to Dismiss, indicates service by both U.S. Mail upon Plaintiff at his address of record, as well as his email address of record. Plaintiff admits service by email, but denies service by regular mail. Plaintiff does not argue the physical address served is incorrect, or assert that he has had difficulty with mail at this address. The Court concludes that under Federal Rule of Civil Procedure 5(b)(2), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7005, service was proper based upon Plaintiff's admission of receipt of email service, as well as the Certificate of Service filed by Defendant Karl Wenzloff.

Regarding Plaintiff's assertion that the February 23, 2026 Order should have been limited to Defendant Karl Wenzloff, the Court also finds the absence of a manifest injustice. The underlying Motion to Dismiss and proposed order filed by Karl Wenzloff, both of which the Court finds Plaintiff had notice, requested dismissal of this Adversary Proceeding "in its entirety and with prejudice." The Amended Complaint filed on December 19, 2025 asserted claims against nineteen named Defendants, which Plaintiff explicitly and directly links his claims against all Defendants through "an association-in-fact enterprise," and which requests

declaratory, injunctive, monetary and other relief against all Defendants jointly and severally. Thus, the claims are substantially similar as to all Defendants. Additionally, at the time this case was dismissed, two similar motions to dismiss filed by Defendants Wildfire Credit Union, Ben Denay, Ken Voelker, and Defendant Wenzloff & Fireman were pending, and Defendants Garske Hewitt Rodenbo PLC and Steven Gaus had a pending motion to extend the deadline to respond to the Amended Complaint. Plaintiff did not respond to the second Wildfire Motion to Dismiss. Further, the docket indicates that Plaintiff had not properly served the re-issued summons of the Amended Complaint upon all defendants at the time the February 23, 2026 Order Dismissing entered. For these reasons, the Court finds dismissal of this Adversary Proceeding as to all Defendants was proper.

Plaintiff also asks this Court to determine whether "it lacks subject matter jurisdiction," and if so, "refer or transfer this matter to the United States District Court pursuant to 28 U.S.C. §§ 157 and 1334." In his Amended Complaint, Plaintiff affirmatively states that this Court has subject matter jurisdiction over this Adversary Proceeding as one which "arises in and is related to the Chapter 7 case of Debtor Magdalena Perez, Case No. 24-21078-dob, within the meaning of 28 U.S.C. §§ 157 and 1334." (Amended Complaint, Docket No. 47, ¶ 25). Plaintiff also states in the Amended Complaint that "[t]his Court has core jurisdiction under 28 U.S.C. § 157(b)(2)(A), (B), (C), (I), and (O) . . . ." (Amended Complaint, Docket No. 47, ¶ 28). While the Court need not address whether it has subject matter jurisdiction at this juncture, Plaintiff is free to file an appropriate action in the United States District Court pursuant to 28 U.S.C. § 157(d).

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend this Court's February 23, 2026 Order is DENIED;

IT IS FURTHER ORDERED that Plaintiff's request for this Court to refer or transfer this Adversary Proceeding to the United States District Court is DENIED.

**Signed on March 18, 2026**



/s/ Daniel S. Opperman

**Daniel S. Opperman**
**United States Bankruptcy Judge**